ALEX R. KESSEL, ESQ. (State Bar No. 110715)
EVAN E. ZELIG, ESQ. (State Bar No. 228740)
16000 Ventura Boulevard
Penthouse, Suite 1208
Encino, California 91436
Telephone: 818-995-1422
Facsimile: 818-788-9408
Email: kessellaw@sbcglobal.net

Attorneys for Defendant,
**STEPHANI AVILEZ-GOMEZ**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal No. 07-CR-3026-BEN |
| Plaintiff, ) | Date: December 17, 2007<br>Time: 2:00 P.M. |
| vs. ) | Courtroom: Honorable Roger T. Benitez |
| STEPHANIE AVILEZ-GOMEZ, ) | STATEMENT OF FACTS AND<br>MEMORANDUM OF POINTS AND |
| Defendant. ) | AUTHORITIES IN SUPPORT OF<br>DEFENDANT'S MOTION |

I.

**STATEMENT OF FACTS**

On November 7, 2007, Defendant was charged in the instant two-count indictment with importing a controlled substance, to wit: approximately 26.55 kilograms of cocaine, in violation of 21 U.S.C. §§ 952, 960, and with possessing a controlled substance with intent to distribute approximately 26.55 kilograms of cocaine, in violation of 21 U.S.C. § 841.

//

## II.

## MOTION TO COMPEL DISCOVERY AND PRESERVE EVIDENCE

As of the date of this filing, defense counsel has received a limited amount of initial discovery from the Government relating to the Defendant's case. The Defendant moves for production of the following discovery. This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies." *See* United States v. Bryan, 868 F. 2d 1032 (9th Cir. 1989).

(1) The Defendant's Statements: The Government must disclose to the defendant all copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant which the Government intends to offer in evidence at trial - either in its case-in-chief or in rebuttal; *See* Id., any response by the defendant to interrogation; the substance of any oral statements which the government intends to introduce at trial and any written summaries of the defendant's oral statements contained in the handwritten notes of the government agent; any response to any Miranda warnings which may have been given to the defendant; as well as any other statements by the defendant. Fed. R. Crim. P. 16(a)(1)(A). The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that the Government must reveal all the defendant's statements, whether oral or written, regardless of whether the government intends to make any use of those statements. Federal Rule of Criminal Procedure 16 is designed "to protect the defendant's right to a fair trial." United States v. Rodriguez, 799 F. 2d 649 (11th Cir. 1986); see also United States v. Noe, 821 F. 2d 604, 607 (11th Cir. 1987) (reversing conviction for failure to provide statements offered in rebuttal - government's failure to disclose statements made by the defendant is a serious detriment to preparing trial and defending against criminal charges.)

(2) Arrest Reports and Notes: The defendant also specifically requests that the government turn over all arrest reports, notes and all other law enforcement records not already produced that relate to the circumstances surrounding her arrest or any questioning. This request includes, but is not limited to, any rough notes, records, reports, transcripts, referral slips, or other documents in which statements of the defendant or any other

discoverable material is contained. Such material is discoverable under Fed. R. Crim. P. 16(a)(1)(A) and Brady v. Maryland, 373 U.S. 83 (1963). The government must produce arrest reports, investigators' notes, memos from arresting officers, sworn statements, and prosecution reports pertaining to the defendant. See Fed. R. Crim. P. 16(a)(1)(B) and (c), 26.2 and 12(I); United States v. Harris, 543 F. 2d 1247, 1253 (9th Cir. 1976) (original notes with suspect or witness must be preserved); see also United States v. Anderson, 813 F. 2d 1450, 1458 (9th Cir. 1987) (reaffirming Harris' holding).

   (3) Brady Material: The defendant requests all documents, statements, agent's reports, and tangible evidence favorable to the defendant on the issue of guilt and / or which affects the credibility of the government's case. Kyles v. Whitley, 514 U.S. 419 (1995). Under Brady, Kyles, and their progeny, impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused. See also United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976). This includes information obtained from other investigations which exculpates the Defendant in this matter.

   (4) The Defendant's Prior Record: The defendant requests disclosure of her prior record. Fed R. Crim. P. 16(a)(1)(B).

   (5) Any Proposed 404(b) Evidence: The government must produce evidence of prior similar acts under Fed. R. Crim. P. 16(a)(1)(c) and Fed. R. Evid. 404(b) and 609. In addition, "upon request of the accused, the prosecution... shall provide reasonable notice in advance of trial...of the general nature" of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial and the purpose for which introduction is sought. This applies not only to evidence which the government may seek to introduce in its case-in-chief, but also to evidence which the government may use as rebuttal. United States v. Vega, 188 F. 3d 1150 (9th Cir. 1999). The defendant is entitled to "reasonable notice" so as to "reduce surprise," preclude "trial by ambush," and prevent the "possibility of prejudice." Id.; United States v. Perez-Tosta, 36 F. 3d 1552, 1560-61 (11th Cir. 1994). The Defendant requests such reasonable notice at least thirty (30) days before trial so as to adequately investigate and prepare for trial.

   (6) Evidence Seized: The defendant requests production of evidence seized as a result

of any search, either warrantless or with a warrant. Fed. R. Crim. P. 16(a)(1)(c).

(7) <u>Request for Preservation of Evidence</u>: The defendant specifically requests the preservation of any and all physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relates to the arrest or the events leaving to the arrest in this case. This request includes, but is not limited to, the narcotics evidence, the results of any fingerprint analysis, the vehicle the defendant drove, the defendant's personal effects, any effects found within the vehicle, and any evidence seized from the defendant or any third party in relation to this case.

(8) <u>Henthorn Material</u> The defendant requests that the Assistant United States Attorney assigned to this case conduct a review of all personnel files of each agent involved in the present case for impeachment material, including but not limited to disclosure of prior acts of dishonesty, preparations of false reports and coercive interview conduct. <u>Kyles</u>, 514 U.S. at 419; <u>United States v. Henthorn</u>, 931 F. 2d 29 (9th Cir. 1991); <u>United States v. Lacy</u>, 896 F. Supp. 982 (N.D. Ca. 1995). At a minimum, the prosecutor has the obligation to inquire of his or her agents in order to ascertain whether or not evidence relevant to witness credibility or other impeachment exists.

(9) <u>Tangible Objects</u>: The defendant requests the opportunity to weigh the narcotics, to inspect and copy as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, fingerprint analyses, vehicles, or copies or portions thereof, which are material to the defense or intended for use in the government's case in chief or were obtained from or belong to the defendant. Fed. R. Crim. P. 16(a)(1)(c). Specifically, to the extent they were not already produced, the defendant requests copies of all photographs in the government's possession of the vehicle, the defendants, and any other photos taken in connection with this case.

(10) <u>Expert Witnesses</u>: The defendant requests the name, qualifications, and a written summary of the testimony of any person that the government intends to call as an expert witness during its case in chief. Fed R. Crim. P. 16(a)(1)(E). The defense requests that notice of expert testimony be provided at a minimum of two weeks prior to trial so that the defense can properly prepare to address and respond to this testimony, including obtaining its own

expert and / or investigating the opinions and credentials of the government's expert. The defense also requests a hearing in advance of trial to determine the admissibility of qualifications of any expert. See Kumho v. Carmichael Tire Co. 119 S. Ct. 1167, 1176 (1999) (trial judge is a "gatekeeper" and must determine reliability and relevancy of expert testimony and such determinations may require "special briefing or other proceedings...").

(11) Impeachment Evidence: The defendant requests any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to the defendant. See F. R. Evid 608, 609 and 613; Brady v. Maryland, supra.

(12) Evidence of Criminal Investigation of Any Government Witness: The defendant requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct.

(13) Jencks Act Material: The defendant requests production in advance of trial of all material, including any tapes, which the government must produce pursuant to the Jencks Act, 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2. Advance production will avoid the possibility of delay at the request of the defendant to investigate the Jencks material. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under section 3500(e)(1). Campbell v. United States, 373 U.S. 487, 490-92 (1963); see also United States v. Boshell, 952 F. 2d 1101 (9th Cir. 1991) (holding that where an agent goes over interview notes with subject interview notes are subject to Jencks Act).

(14) Giglio Information: Pursuant to Giglio v. United States, 405 U.S. 150 (1972), the defendant requests all statements and / or promises, express or implied, made to any government witness, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witness.

(15) Agreements Between the Government and Witnesses: In this case, the defendant requests identification of any cooperating witnesses who have committed crimes but were not charged so that they may testify for the government in this case. The defendant also requests discovery regarding any express or implicit promise; understanding; offer of immunity; past,

1. present, or future compensation; or any other kind of agreement or understanding, including
2. any implicit understanding relating to criminal or civil income tax, forfeiture or fine liability
3. between any prospective government witness and the government (federal, state and / or
4. local). This request also includes any discussion with a potential witness about or advice
5. concerning any contemplated prosecution, or any possible plea bargain, even if no bargain was
6. made, or the advice not followed.

   (16) <u>Informants and Cooperating Witnesses</u>: To the extent that there was any informant, the defendant requests disclosure of the names and addresses of all informants or cooperating witnesses used or to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime charged against the defendant. The government must disclose the informant's identity and location, as well as the existence of any other percipient witness unknown or unknowable to the defense. <u>Roviaro v. United States</u>, 353 U.S. 53, 61-62 (1957). The government must disclose any information derived from informants which exculpates or tends to exculpate the defendant.

   The defendant further request that the court order discovery as requested to be a continuing basis.

## IV.
## CONCLUSION

For the reasons stated above, the Defendant, Stephanie Avilez-Gomez, moves this Court to grant her motion.

Dated: December 13, 2007                    Respectfully submitted,


                                            /s/ Alex R. Kessel
                                            **ALEX R. KESSEL, ESQ.**
                                            Attorney for Defendant,
                                            Stephanie Avilez-Gomez